Circuit Court of Cuyahoga County.

E. TALAMINI v. SOLOMON ULMER.

Decided, November 6, 1907.

*Practice—Court May Dismiss Case Appealed from a Justice by Defendant When Plaintiff is in Default for Petition.*

Where a defendant has appealed from a judgment rendered by a justice of the peace, and the plaintiff has failed to file his petition within the time prescribed by law after the filing of the transcript from the justice, the court may enter a judgment of dismissal.

*H. Koblitz,* for plaintiff in error.
*Fred. Desberg,* contra.

MARVIN, J.; WINCH, J., and HENRY, J., concur.

Talamini recovered judgment before a justice of the peace against Ulmer. Ulmer appealed to the court of common pleas perfecting such appeal by doing all things necessary for that purpose.

By Section 6583, Revised Statutes, it is provided that the justice, in case of an appeal to the court of common pleas from a judgment rendered by him, shall deliver a transcript and all original papers used on the trial before him, on or before the thirtieth day after the rendition of such judgment, and that the appellant shall, on or before such day file a transcript of the proceedings had before the justice.

The judgment in this case was rendered on the 4th day of February, 1907.

The transcript and original papers were filed within the thirty days.

Section 6592, Revised Statutes, provides that:

"If the defendant appeal from any judgment rendered in favor of the plaintiff, and after having filed his transcript and caused such appeal to be docketed, the plaintiff shall fail to file a petition, or otherwise fail to prosecute the same to final judgment, the defendant in such action may file his answer setting

up whatever claim or demand he may have against such plaintiff, and prosecute the same to final judgment, in which case, if the defendant shall recover judgment against the plaintiff, all costs which have accrued before the justice and in the appellate court, shall be adjudged against such plaintiff, or he may, on motion to the court, suffer judgment to be entered against him for the amount of judgment below, in which case all costs which have accrued before the justice and in the appellate court, shall be adjudged against such defendant."

Section 6598, Revised Statutes, provides that:

"The rule day for filing petition in the court of common pleas in a case appealed from a justice of the peace shall be the third Saturday after the expiration of the time limited for filing the transcript; and the subsequent pleadings shall be filed within such times thereafter as is provided for the filing thereof in cases commenced in that court after the return day of the summons."

The time for perfecting the appeal upon a judgment rendered by the justice of the peace February 4, 1907, was March 6, 1907, and the third Saturday thereafter would be the 23d day of March. On the 25th day of March, which was the Monday next after the time for filing the petition the court entered the following order:

"The defendant comes and the plaintiff is in default of a petition and has failed in any manner to further prosecute this suit, it is therefore considered that said defendant go hence without day and recover of said plaintiff his costs herein. Judgment is rendered against the plaintiff for his costs herein."

On the 19th of April, 1907, plaintiff filed a motion to vacate said judgment of dismissal. This was heard on the 14th day of May, 1907, and refused, and it is this order of refusal to which error is here prosecuted.

The contention on the part of plaintiff in error is that the court should not have dismissed the original action without notice to the adverse party. It is said that there is some rule of the court of common pleas which requires notice to the adverse party before such cases be dismissed for want of prosecution. As we can not take judicial notice of such rules we can not say

whether or not any rule of the court was violated. Certainly no statute was violated in entering the judgment which was entered.

Section 6592, Revised Statutes, provides for the case where the defendant having appealed, if plaintiff fails to file a petition within the time fixed by law, the defendant may file his answer, setting up any claim or demand which he may have against the plaintiff, and prosecute the same to final judgment.

Surely it would be most unsound reasoning to hold that there is any suggestion in this statute that, where the defendant has no claim against the plaintiff, he may not as well take advantage of the default of the plaintiff as he could where he had an affirmative claim against the plaintiff. The course pursued by the court in entering judgment of dismissal was in violation of no statutory or other right of the plaintiff. He had his right to file a petition; he neglected to take advantage of it.

It is not claimed that if the court was warranted in entering the judgment of dismissal, the motion to set it aside could be insisted upon as matter of right, but that it would be addressed to the discretion of the court. A bill of exceptions is here, from which nothing appears showing any abuse of discretion, and the judgment of the court below is affirmed.